Robert Samuel BALLARD, Gary Lee Gerloff, Petitioners,

v.

Robert ELSEA, Warden, et al., Federal Correctional Institution, Oxford, Wisconsin, Respondent.

No. 80–C–489.

United States District Court, W. D. Wisconsin.

Sept. 10, 1980.

Robert Samuel Ballard, pro se.

Gary Lee Gerloff, pro se.

Frank M. Tuerkheimer, U. S. Atty., W. D. Wisconsin, Madison, Wisc., for respondent.

## ORDER

CRABB, Chief Judge.

This is a petition for a writ of habeas corpus. Petitioners, inmates of the Federal Correctional Institution at Oxford, Wisconsin, claim that their custody is in violation of their rights under the Constitution and laws of the United States. 28 U.S.C. § 2241.

Petitioners allege generally that they are in danger of imminent bodily harm or death from certain other inmates so long as they are incarcerated at the Federal Correctional Institution and that respondent has taken no steps to protect them satisfactorily although he is aware of the danger. Petitioners seek to be transferred from the institution. More precisely, they allege that they are both inmates of the Federal Correctional Institution, Oxford; that on June 14, 1980, they were attacked by another inmate wielding a broom handle and buckets of very hot water; that, at the time, both petitioners were being housed in "C–Range" under protective custody status; that prior to June 14, 1980, petitioners had submitted numerous requests to prison officials to be moved from C–Range because of their fears for their safety and because of threats they had received from other inmates; that petitioners have been moved to B–Range, but must go back into C–Range three times each week for showers and for exercise periods; that the inmate who assaulted them is an inmate orderly who is permitted onto B–Range; that petitioner Ballard has been told that his transfer request is denied; and that petitioner Gerloff has been subjected to loss of earned good time for refusing to go back into the general population.

■ These allegations fall short of any showing that petitioners have been deprived of any rights under either the Constitution or the laws of the United States. Petitioners have alleged the occurrence of one incident to which respondent reacted by moving them to a different unit within the Federal Correctional Institution; they have not alleged facts which would demonstrate an objective basis for their continuing fear for their safety or any facts which would indicate that respondent is ignoring their concerns. On the contrary, their own allegations tend to show that respondent has acted to protect them from whatever danger they were in on C–Range.

■ The manner in which prison officials, such as the respondent herein, fulfill their statutory mandate to protect their charges is discretionary with the officials. It is not subject to judicial scrutiny in the absence of allegations showing or tending to show that the officials have been deliberately indifferent to occurrences and situations which involve the unnecessary or wanton infliction of pain or which are otherwise inconsistent with contemporary standards of decency. Violent attacks or sexual assaults by other inmates are surely inconsistent with any standard of decency, but isolated instances of such attacks do not rise to the level of a constitutional claim in the absence of a showing that the responsible officials are unable or unwilling to take the steps necessary to prevent recurrences.

Clearly, there may be situations in which prisoners are kept in such real fear of physical attack from other inmates as to make their confinement a violation of the Eighth Amendment right to be free from cruel and unusual punishments, cf., Holt v. Sarver, 300 F.Supp. 825 (E.D.Ark.1969). Equally clearly, not every denial of a request for protective custody amounts to a denial of an inmate's rights under either the Eighth Amendment or under the Fifth Amendment prohibition against the imposition of punishment without due process. In order to state a claim, a petitioner must do something more than plead the conclusory allegation that he believes himself to be in danger and believes the custodial response to be inadequate; such an allegation is nothing more than an expression of the petitioner's disagreement with the respondent over the way in which the respondent is discharging his duty to protect the persons who are in his custody. Also, a petitioner must allege more than isolated examples of incidents in which he has been subject to verbal taunts or to physical attacks having no serious consequences. However distressing such incidents are, they do not

demonstrate either that the prison administrators have violated their duty of protection or that they have subjected the petitioner to a deprivation of his constitutional rights.

At a minimum, the petitioner must allege facts tending to show that there is an objective basis for his fears such as, for example, a pattern of attacks. Additionally, he must show that the prison administrators are aware of the problem and that they are taking no action to alleviate or resolve the problem.

From the allegations made by the petitioners herein, I find and conclude that they have not stated a claim of constitutional deprivation. Additionally, since petitioner Gerloff has not alleged facts to support a claim that he has a right to be kept in protective custody, I conclude that he can claim no right to be free from the loss of earned good time for his refusal to return to the general population.

### ORDER

IT IS ORDERED that this petition for a writ of habeas corpus is DISMISSED for petitioners' failure to allege that their custody is in violation of the laws or constitution of the United States.